## No. 14,006.

Saunders, Secretary of State *v*. People ex rel.
Tyler et al.
(63 P. [2d] 1231)

Decided December 7, 1936.

Mr. Byron G. Rogers, Attorney General, Mr. J. Glenn Donaldson, Assistant, Mr. Richard E. Conour, Assistant, for plaintiff in error.

Messrs. Alter & Upton, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The plaintiff in error Saunders, as secretary of state, was respondent and defendants in error Tyler and others, were petitioners in the trial court. They will be herein designated as they there appeared. Petitioners tendered a certain certificate of incorporation of a proposed non-

profit company to the respondent secretary of state for filing, together with the required statutory fee, which certificate respondent refused. The petitioners thereupon sought by mandamus to compel such filing. An alternative writ issued directing the secretary of state to file the certificate or show cause for his refusal to do so. Respondent demurred to this writ on the ground that it did not state facts sufficient to constitute a cause of action against him or to entitle petitioners to the relief prayed, or any relief. The demurrer was overruled, respondent elected to stand on his demurrer and the alternative writ was made peremptory.

Respondent assigns as error the overruling of his demurrer. We are of the opinion that this assignment is well taken and that the judgment of the trial court cannot stand.

A copy of the tendered certificate of incorporation is attached to the alternative writ as Exhibit A, and , so far as material to the presented issue, is as follows: ''The objects and purposes for which said corporation is formed shall be to benefit the widows, orphans, heirs and devisees of its members through their mutual efforts, through and by virtue of voluntary contributions being made by each surviving member upon the death of a member.'' The section of our statutes under which the certificate was tendered for filing is 2379, C. L. 1921, amended by section 22, chapter 70, Session Laws 1931, page 248, and as amended is as follows: ''Any three or more persons, citizens of the United States, who shall desire to associate themselves for any lawful purpose (other than pecuniary profit) under the provisions of this Act, may make, sign and acknowledge before any officer authorized to take acknowledgments of deeds in this State, and file in the office of the Secretary of State, a certificate in writing, in which shall be stated the name or title by which such corporation, association or society shall be known in law, the *particular business* and objects for which it is formed, the number of its directors, trustees or managers, and the names

of those selected for the first year of its existence. The Secretary of State shall collect a fee of $5.00 for the filing of said certificate.'' (Italics ours.)

Section 2381, C. L. 1921, in part is as follows: ''Associations and societies which are intended to benefit the widows, orphans, heirs, and devisees of deceased members thereof, and where the members shall receive no money as profit or otherwise, shall not be deemed insurance companies.''

The tendered certificate sets forth the objects for which the corporation is to be formed, but nowhere does it state the correlative requirement of the statute, namely: ''The particular business * * * for which it is formed.'' While the object clause in the certificate above quoted is not commendable for clarity of statement, we gather from it that the benefit to the classes named is to be secured by the mutual efforts of the surviving association members, in the form of voluntary contributions by each whenever a member dies. This does not constitute a statement of the particular business for which the association is formed. Conceivably the funds so raised might be used in numerous ways to benefit the classes mentioned. A statement of the particular business in which the proposed corporation is to engage would require a setting forth of the manner in which such funds are to be managed and used to effect the intended beneficial purposes. Since the statute, amended section 2379, supra, requires that the certificate contain a statement of the ''particular business * * * for which it [the corporation] is formed,'' and since nowhere does a compliance with this requirement appear in the tendered certificate, we need not indulge in speculation as to whether the corporation will operate as an insurance company without a compliance with other laws concerning the regulation of such companies, nor need we determine whether C. L. section 2381, supra, has been repealed or limited by subsequent legislation concerning insurance. These matters may well await the determination of causes in which they properly are

presented as issues, and not merely as hypothetical speculations.

It is only upon the tender of a certificate properly setting forth what the statute specifically requires that the secretary of state is under a duty to file it.

For the foregoing reasons the judgment is reversed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL who did not participate.

MR. JUSTICE HOLLAND dissents.